UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARY F. LOGUE,                          :
        Plaintiff                       :
                                        :
        vs.                             :   CIVIL NO. 1:10-CV-1682
                                        :
                                        :
ORTHOPAEDIC SURGEONS OF                 :
CENTRAL PENNSYLVANIA, LTD.,             :
CRAIG W. FULTZ, ROBERT J.               :
MAURER, AND KIM DEITER,                 :
        Defendants                      :
                                        :


*M E M O R A N D U M*

*I.*        *Introduction*

        We are considering defendants' motion for summary judgment.  The

present case concerns an employment discrimination claim brought by the plaintiff, Mary

F. Logue, against defendants, Orthopaedic Surgeons of Central Pennsylvania ("OSCP"),

Craig W. Fultz, Robert J. Maurer, and Kim Deiter.  Plaintiff alleges defendants

discriminated against her on the basis of age and disability in violation of the Age

Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"),

and the Pennsylvania Human Relations Act ("PHRA").  Defendants filed a motion for

summary judgment, asserting that plaintiff did not establish a *prima facie* case or pretext

and, in the alternative, to limit the amount of backpay plaintiff may receive.  Plaintiff

responded, withdrawing all but her ADA and PHRA disability claims against OSCP.  (doc. 32, n. 1).

II.        *Background*

OSCP is a medical practice located in Lemoyne, Pennsylvania, which specializes in orthopedic surgery.  Plaintiff was an x-ray technician employed by OSCP for approximately ten years.  Defendant Deiter was the Practice Administrator for OSCP.  Plaintiff was terminated by OSCP on August 9, 2008.  The parties disagree about the events of leading up to plaintiff's termination.

In 2008, Dr. Fultz, a doctor at OSCP and one of the defendants in this action, began treating plaintiff for knee pain.  On June 18, 2008, Dr. Fultz recommended that plaintiff undergo knee surgery.  Dr. Fultz instructed plaintiff to schedule her surgery on a day where she was not needed in the office.  Defendants assert that Deiter, who does the scheduling in the office, told plaintiff she could schedule her surgery the week of June 23, 2008 or on August 8th or 11th.  According to defendants, plaintiff rejected the week of June 23rd and had not chosen between August 8th and 11th when Deiter distributed the August work schedule on July 15, 2008.  Deitier, aware that plaintiff may have surgery on the afternoon of August 8th, scheduled her to work that morning.  Plaintiff, however, alleges that on June 18, 2008, Deiter scheduled the surgery for August 8th and gave her the day off.

On July 16, 2008, plaintiff discovered that she was scheduled to work the morning of August 8th.  Upon receiving this information, plaintiff confronted Deiter.

2

Deiter offered to try to find a replacement to work that day.  Defendant asserts she was not able to find a replacement and plaintiff argues that Deiter never made an attempt to find a replacement.  On July 30, 2008, Deiter discussed with plaintiff whether she would be able to work on August 8th.  During that conversation, plaintiff said she could not work that day "and that I guess you're going to fire me."  (doc. 29, ¶ 61).  Deiter told plaintiff that if she did not show up for work on August 8th, she would be fired.  On August 8, 2008, plaintiff did not report for work.  Plaintiff was terminated by OSCP on August 9, 2008.

Plaintiff applied for unemployment benefits, which OSCP challenged on the basis of plaintiff's alleged willful misconduct.  Plaintiff was denied unemployment benefits by the Unemployment Compensation Referee, who found that she committed willful misconduct.  Plaintiff appealed this denial to the Unemployment Compensation Board of Review and the Commonwealth Court.  Both the Board and the Court affirmed the factual findings and the denial of unemployment benefits.  Plaintiff brought the instant suit on August 11, 2010, alleging age and disability discrimination.  Plaintiff's brief in opposition to defendants' motion for summary judgment notes that she "has decided only to pursue her ADA and PHRA disability claims against OSCP.  All other claims are withdrawn."  (doc. 31, n. 1).  Since all other claims have been withdrawn, we will only examine defendants' motion for summary judgment with respect to counts VI and VII.

III.        *Discussion*

      *A.  Standard of Review*

We will examine the motion under the well-established standard.  *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008).  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party, and may affirm a grant of summary judgment only if no reasonable juror could find for the non-movant."  *Id.*

      *B.  ADA and PHRA Claim*

The ADA defines the term "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2) (1990).[1]  "[T]he same legal standard that applies to the ADA applies equally to disability discrimination claims under the PHRA."  *Coldwell v. Rite Aid Corp.*, 502 F.3d 495, 499 n. 3 (3d Cir. 2010).

---

[1]  In September 2008, Congress enacted legislation that amended the definition of "disability" under the ADA.  ADA Amendments Act of 2008, Pub. L. No. 110-325 § 4,122 Stat. 3553 (2008).  Since the events giving rise to the instant suit occurred prior to the effective date of this legislation, we will apply the pre-amendment definition. *See Amorosi v. Molino*, 2009 WL 737338, *4 (E.D. Pa 2009) (explaining the amendments do not apply retroactively); *Britting v. Sec'y VA*, 409 Fed. Appx. 566, 569 (3d Cir. 2011) ("the ADAAA is not retroactively applicable.").

In her complaint, plaintiff alleges OSCP terminated her because she was regarded as having a disability.  Both parties agree that plaintiff's claim is based on indirect evidence, requiring us to proceed under the *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 688 (1973).  Under this framework, a *prima facie* case can be established if the plaintiff demonstrates that (1) she was perceived as disabled; (2) she is otherwise qualified for the job, with or without reasonable accommodations; and (3) she was subjected to an adverse employment decision.  *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010).  To be "perceived" as disabled means that defendants "mistakenly believed that [the plaintiff has] a physical impairment that substantially limits one or more major life activities or mistakenly believed that an actual non-limiting impairment substantially limits one or more major life activities."  *Wilson v. MVM, Inc.*, 475 F.3d 166, 179 (3d Cir. 2007).

If the plaintiff is able to demonstrate a *prima facie* case, the burden of production shifts to the defendant to identify a legitimate non-discriminatory reason for the adverse employment action.  *McDonnell Douglas* at 802.  If a defendant meets this requirement, the burden shifts back to the plaintiff to show that the legitimate non-discriminatory reason articulated by the defendant is a pretext for discrimination.  *Id.* at 804.

1.  *Plaintiff's* Prima Facie *Case*

Plaintiff alleges that defendants regarded her as disabled and believed that her knee injury substantially limited her ability to work.  Under the statute, "substantially limits" means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Deane v. Pocono Medical Center*, 142 F.3d 138, 144 n. 7 (3d Cir. 1998) (citations omitted).  The inability to perform one specific job does not constitute a substantial limitation in the major activity of working.  *Id.*  In determining whether an impairment substantially limits the ability to work, courts may consider:

> (A) the geographical area to which the individual has reasonable access;
>
> (B) the job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
>
> (C) the job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

*Id.*

Defendants argue that plaintiff provides no evidence that they perceived her as disabled at the time of termination, failing to present a *prima facie* case of discrimination.  They assert that Dr. Fultz and Dieter knew that plaintiff would not be able to work for seven to ten days after her knee surgery, but that she could resume work without any restrictions after three weeks.

Plaintiff responds that Deiter mistakenly believed that her knee condition was chronic and would require knee replacement surgery, meaning plaintiff would not be able to perform the essential functions of her job. Plaintiff's evidence does not support her conclusion that Deiter regarded her as disabled.  First, plaintiff asserts that Deiter overheard a conversation where plaintiff told Deiter that she was having a problem with her knee that may require an MRI and surgery.  Next, plaintiff alleges that Deiter saw an office note in her medical file dated June 18, 2008, that said plaintiff had "patellofemoral chondromalacia and a lateral meniscal tear" and, even with surgery, her symptoms could be chronic.  Between seeing this note and having six years of experience as OSCP's head of operations, plaintiff contends that Deiter mistakenly concluded that her symptoms would be ongoing and require knee surgery.  Plaintiff provides no evidence that Deiter saw this note prior to the termination, other than the fact that Deiter had access to plaintiff's medical file.  Moreover, plaintiff failed to disclose the full content of the note.  Defendants point out that this note explained that plaintiff would not be able to work for seven to ten days following the surgery, but then would be able to return to work after three weeks *with no restrictions*.  Plaintiff argues that Deiter misinterpreted this note as meaning she had an impairment that would substantially limit her ability to work. There is no basis for plaintiff's argument; the note explained that plaintiff would be able to return to work.

Plaintiff has failed to establish a *prima facie* case of disability discrimination. Since her claims fail on that ground, we need not examine whether defendant presented

a legitimate non-discriminatory reason for the discharge and whether plaintiff demonstrated the reason was pretextual.

*IV.  Conclusion*

Plaintiff withdrew Counts I, II, III, IV, V, VIII, IX, and X of her complaint. Judgment for these counts will be entered in defendants' favor.  For her remaining claims, Counts VI and VII, plaintiff did not present sufficient evidence to establish a *prima facie* case of disability discrimination.  Defendants' motion for summary judgment will be granted.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA


MARY F. LOGUE,                           :

      Plaintiff                         :

                                         :

      vs.                               :   CIVIL NO. 1:10-CV-1682

                                         :

ORTHOPAEDIC SURGEONS OF          :
CENTRAL PENNSYLVANIA, LTD.,      :
CRAIG W. FULTZ, ROBERT J.        :
MAURER, AND KIM DEITER,          :

      Defendants                        :

                                         :


*O R D E R*

AND NOW, this 6th day of February, 2012, upon consideration of

defendants' motion for summary judgment (doc. 27) and plaintiff's response thereto, and

pursuant to the accompanying Memorandum, it is ordered that:

      1. Defendants' motion for summary judgment (doc. 27) is granted.

      2.  The Clerk of Court shall enter judgment in favor of the defendants and
against plaintiff and close this file.


                                   /s/William W. Caldwell

                                   William W. Caldwell

                                   United States District Judge